UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Julie Machie,

    Plaintiff,

v.

Detroit Library Commission, a/k/a Detroit
Public Library, an independent municipal
corporation; Russell Bellant, in his individual
and official capacity as Commissioner of
the Detroit Public Library Commission,
Georgia Hill, in her individual And official
capacity as former Commissioner and
President of the Detroit Public Library
Commission, jointly and severally,

    Defendants.
_____/

Case No. 12-15299

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES [59]**

Plaintiff, Julie Machie, filed this action alleging that Defendants[1] discriminated against her due to her national origin. This Court granted Defendants' summary judgment motion and dismissed Plaintiff's complaint with prejudice. Defendants then filed this motion for attorney fees. This motion turns on whether Plaintiff's claims were frivolous, unreasonable, or without foundation. For the reasons stated below, the Court DENIES Defendants' motion.

---

[1] The named Defendants are: Detroit Library Commission, a/k/a Detroit Public Library, an independent municipal corporation; Russell Bellant, in his individual and official capacity as Commissioner of the Detroit Public Library Commission; and Georgia Hill, in her individual and official capacity as former Commissioner and President, Detroit Public Library Commission.

**I.   FACTS**

Plaintiff, Julie Machie, is from Nigeria and at the start of the suit, held the position of Deputy Director of the Detroit Public Library ("DPL"). Plaintiff brought this lawsuit against the Detroit Library Commission ("the Commission") and Russell Bellant and Georgia Hills, in their individual and official capacities as Commissioner and former Commissioner, respectively, of the Detroit Library Commission. (Dkt. 53, Order 1-2.) Plaintiff alleged employment discrimination based on her national origin. (Dkt. 53, Order 2.)

Prior to Plaintiff's current position with the DPL, she held a more junior position there. In 2005 after leaving the DPL for a job in Austin, Texas, Plaintiff was contacted by DPL and invited to return as Deputy Director on a three-year contract. Plaintiff claims that this invitation included a promise that when the then-current Executive Director retired, Plaintiff would be named her successor. In 2008, when the then-current Executive Director announced her intent to retire, DPL decided to hire a search firm to find a replacement. Plaintiff was not pleased as she was under the impression that she would simply succeed into the Executive Director position. Succession has allegedly been the practice at DPL for over a century. Still, Plaintiff applied for the position and was eventually listed as a finalist. On January 29, 2009, as part of the interview process, Plaintiff alleges that the search firm questioned her extensively about her Nigerian origin and her accent. Then on May 22, 2009, the Commission voted four votes to three to appoint Plaintiff's opponent, JoAnne Mondowney, as Executive Director. On May 28, 2009, Plaintiff expressed her concerns that such inappropriate questioning is what led her to losing the Executive Directorship appointment. The Commission subsequently met with the search firm in a closed session, after which all of the commissioners were satisfied that the search process was not tainted.

Plaintiff brought the instant action on December 3, 2012, alleging various federal and state civil rights causes of action. This Court granted Defendants' motion for summary judgment and dismissed Plaintiff's complaint, including all counts therein, with prejudice on June 13, 2014. (Dkt. 53, Order 11.) On June 27, 2014, Plaintiff filed a Motion for Reconsideration (Dkt. 56, Pl.'s Mot. Recons.) This Court denied that motion on July 8, 2014. (Dkt. 57, Order Recons.) Then on July 11, 2014, Defendants filed this Motion for Attorney's fee under 42 U.S.C. § 1988 and requested a total of $240,020. (Dkt. 59, Defs.' Br. Att'y Fee 14, 16.)

## II. ANALYSIS

### A. Local Rule 54.1. 2. Attorney fees

Local Rule 54.1. 2 governs the procedure for Attorney fees:

> (a) A motion for attorneys' fee and related non-taxable expenses pursuant to Fed.R.Civ.P. 54(d)(2) must be filed no later than 28 days after entry of judgment.
>
> (b) A motion for an award of attorneys' fee shall be supported by a memorandum brief as to the authority of the court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award. Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.
>
> COMMENT: Where a request for reconsideration under Fed.R.Civ.P. 59(e) has been filed, the time limit shall begin to run upon the denial of the motion. See Miltimore Sales, Inc. v. International Rectifier, 412 F.3d 685 (6th Cir. 2005).

E. Dist. MI. L.R. 54.1.2.

3

**B. 42 U.S.C. § 1988**

This Court has the discretion to allow the prevailing party in a 42 U.S.C. § 1983 suit "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In a civil rights action, a defendant may recover attorney's fee from the plaintiff only if the District Court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). See also *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (holding that the *Christiansburg* standards apply to suits subject to the fee provisions of section 1988); *Tarter v. Raybuck*, 742 F.2d 977, 985-86 (6th Cir. 1984) (applying *Christiansburg* standards to section 1983 suit). The *Christiansburg* court further held that:

> In applying these criteria, the Court must not utilize *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22 (italics in original).

While a prevailing party may be awarded attorney's fee, prevailing defendants are held to a different standard. *Id.* at 417. In all but special circumstances, prevailing plaintiffs are entitled to attorney's fee. *Id.* Prevailing defendants, however, are entitled to attorney's fee much less frequently. "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fee." *Hughes*, 449 U.S. at 14. Courts

4

are also cautious that "[t]o take the further step of assessing attorney's fee against plaintiffs simply because they do not finally prevail would substantially add to the risks [inherent] in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg*, 434 U.S. at 422. *See also Tarter v. Raybuck*, 742 F.2d 977, 986-87. "An award of attorney's fee against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (1986).

In determining whether claims are "frivolous, unreasonable, or without foundation," the Court must look "into the plaintiffs' basis for bringing suit. Awards to prevailing defendants will depend on the factual circumstances of each case." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985). The Sixth Circuit has held "that a belief of injury and some evidence to support this belief provided an adequate basis for filing suit to avoid a finding that the suit was frivolous." *Sprague v. Forystek*, No. 05-73977, 2007 WL 2812300, (E.D. Mich. Sept. 26, 2007) (Hood, J.). *See Smith*, 752 F.2d at 182-183. *See also Riddle v. Egensperger*, 266 F.3d 542, 551 (6th Cir. 2001).In *Riddle*, the court found:

> A plaintiff who continues to litigate claims after discovery has concluded, proceeds to summary judgment and a judge thereafter rules that the claims are without merit, does not necessarily support the conclusion that the plaintiff's claims were frivolous, unreasonable, or groundless. . . Even though the claims after discovery are found to be without merit by a court, such a finding does not equate with a determination that the claims were without foundation when the complaint was initially filed.

*Riddle*, 266 F.3d at 551.

"The Sixth Circuit has also pointed to factors such as a defendant's failure to file a motion for dismissal as indicative of the fact that the claim was not groundless from the outset." *Sprague*, 2007 WL 2812300, *2 (referencing *Riddle*, 266 F.3d at 550). When a

5

claim is "frivolous, unreasonable, or groundless," Defendants can use Rule 12(b)(6) to narrow the claims" or dismiss the action "at the onset of the case, rather than engaging in extensive discovery in order to 'obtain' summary judgment." *Riddle*, 266 F.3d at 551. Summary judgment in favor of Defendants, however, does not mean that the plaintiff has no basis for filing a complaint. *Id.* at 551.

### C. Defendants' Motion for Attorney's Fee Should be Denied Because Plaintiff's Claims Were Not Frivolous, Unreasonable, or Without Foundation

Defendants contend that they are entitled to attorney's fee under 42 U.S.C. § 1988 because this Court awarded summary judgment in its favor. Defendants timely filed this motion and it is undisputed that Defendants qualify as a "prevailing party" under 42 U.S.C. § 1988. The issue, thus becomes, whether Plaintiff's claims were "frivolous, unreasonable, or groundless" as to award Defendants attorney's fee.

Defendants correctly state that the Court has discretion in awarding a prevailing party a reasonable attorney's fee, and that prevailing defendants are held to different standard. (Dkt. 59, Defs.' Br. 3-4.) Defendants' reliance on *Wolfe v. Perry* is misplaced, however. Dkt. 50, Defs.' Br. 5.) In *Wolfe*, the court found that the claims were frivolous because that plaintiff's illegal search claim was defective from the outset. *Wolfe v. Perry*, 412 F.3d 707, 721 (6th Cir. 2005). While that plaintiff alleged violation of his constitutional rights, his rights had not, in fact, been violated. That plaintiff brought a claim of illegal search and seizure suit involving a home that he did not reside in or own, nor did he did own any of the property seized from that residence. *Id.* at 721. Then in his deposition, the plaintiff admitted his rights were not violated. *Id.* Here, Plaintiff's claim is distinguishable from the frivolous claim brought by the plaintiff in *Wolfe*. Plaintiff's claim was not based on a set of untrue

6

facts. Based on the facts of this case, it is reasonable to conclude that Plaintiff's case was not frivolous from the outset and she had an adequate basis for filing it. *See Sprague*, 2007 WL 2812300, at *3.

Defendants also note in their brief that "after almost two years of discovery, Plaintiff failed to produce any evidence linking the Library's decisions to her Nigerian origin." (Dkt. 59, Defs.' Br. 5.) But "[o]ther courts have stressed that prevailing defendants should not be awarded fees where the plaintiff has an arguable basis for pursuing his or her claim." *Smith*, 754 F.2d at 184. Plaintiff's claim was not "clearly defective at the outset." *See Wolfe*, 412 F.3d at 721. Courts are also bound from engaging in "*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.

Defendants further contend that Plaintiff's 42 U.S.C. § 1981 claim was without any legal foundation, arguing that Plaintiff's counsel "[k]new that he could not state a claim against a governmental actor, because he himself in two different cases raised the same claim and was denied for the same reasons." 9Dkt. 59, Defs.' Br. 11.) In an analogous situation, the Sixth Circuit held that a claim is not frivolous even when barred by the doctrine of claim preclusion. *Dubac v. Green Oak Tp.*, 312 F.3d 736, 755 (6th Cir. 2002). In *Dubac*, the claim was allowed to survive for several years into the lawsuit before being dismissed, and the court there did not see fit to label the claim frivolous, even though there was no legal basis for it, given the claim preclusion issue. Therefore, the Court will not deem Plaintiff's § 1981 claim, which was not dismissed immediately by way of a Rule 12(b)(6) motion, frivolous. The *Dubac* court further reasoned that "[a]ttorney's fees cannot be awarded in an effort to teach [plaintiff] a lesson when this not one of the instances in

which he blatantly abused the judicial system." *Dubac*, 312 F.3d at 755. Here, it cannot be said that Plaintiff "blatantly abused the judicial system."

Upon Defendants' motion for summary judgment, this Court found that: 1) Plaintiff's failure to promote claim was time barred; 2) there was no genuine dispute as to a material fact with respect to Plaintiff's remaining 42 U.S.C. § 1983 claims; and 3) Plaintiff's 42 U.S.C. § 1983 claims failed as a matter of law (Dkt. 53, Order Summ. J. 5-10.) This Court did not, however, find that Plaintiff's claims were "frivolous, unreasonable, or groundless." *Jones*, 789 F.3d at 1233. Further, nothing in the Court's summary judgment opinion suggests that Plaintiff's claims were "groundless at the outset"or that Plaintiff continued to litigate after it "clearly" became so. *See Smith*, 754 F.2d at 183 (citing *Christiansburg*, 434 U.S. 422).

Defendants also contend that Plaintiff's 42 U.S.C. § 1981 claim was without any legal foundation, noting that Plaintiff's counsel "[knew] that he could not state a claim against a governmental actor, because he himself in two different cases raised the same claim and was denied for the same reasons." (Dkt. 59, Defs.' Br. 11.) riddle, dubac, tahfs: viable claim intertwined with meritless claim; action/lawsuit vs 1 claim (christiansburg);

The "frivolous, unreasonable, or without foundation" standard is a high bar that only warrants prevailing defendants an award for attorney's fee in the most "egregious cases of misconduct." Jones, 789 F.2d at 1232. Defendants have failed to establish such conduct by Plaintiff. There is not evidence of bad faith in this case. *See Christiansburg*, 434 U.S. at 421. Even more, one meritless claim that is intertwined witha viable claim does not necessarily mean that the "claims were without foundation when the complaint was initially filed." *Riddle*, 266 F.3d at 551; *see also Christiansburg*, 434 U.S. at 421 (noting that the

court may award attorney fees to a prevailing defendant upon finding plaintiff's *action* was frivolous) (emphasis added.). Since Plaintiff had an "arguable basis for pursuing" her lawsuit, the action was not "frivolous, unreasonable, or without foundation." *Smith*, 754 F.2d at 184; *Christiansburg*, 434 U.S. at 421.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for attorney fees is DENIED.


SO ORDERED.

                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: September 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2014, by electronic and/or ordinary mail.

                        s/Carol J. Bethel
                        Case Manager