UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Julie Machie,

    Plaintiff,

v.

Detroit Library Commission, a/k/a Detroit Public Library, an independent municipal corporation; Russell Bellant, in his individual and official capacity as Commissioner of the Detroit Public Library Commission, Georgia Hill, in her individual And official capacity as former Commissioner and President of the Detroit Public Library Commission, jointly and severally,

    Defendants.
_____/

Case No. 12-15299

Honorable Nancy G. Edmunds

# OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR TAXED BILL OF COSTS AND DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD [64 & 70]

Currently before the Court is Defendants' motion for an order granting their amended bill of costs. For the reasons set forth below, the Court GRANTS Defendants' motions and approves their amended bill of costs.

**I.  Facts**

Plaintiff brought this lawsuit alleging various employment discrimination claims. The Court granted Defendants' motion for summary judgment and dismissed the case. Defendants sought to recover the cost of depositions, as they are entitled to do as the prevailing parties. The Court Clerk, however, denied certain costs, including the cost of taking Plaintiff's deposition and the deposition of a non-party witness.

For unknown reasons, Plaintiff was unable to depose Jonathan Kinloch until well after the dispositive motions in this case were ruled on and Plaintiff's case was dismissed. Plaintiff now seeks to add elements of the that deposition to the record under the auspices of Federal Rule of Civil Procedure 15(d).

Plaintiff does not contest that Defendants are entitled to the deposition costs for the non-party witness, which amount to $221.50. However, Plaintiff does contest the amount sought for her deposition. Plaintiff's deposition was taken over the course of four sessions, totaling seventeen hours of questioning, and Defendants seek to recover $2,445.25 in costs.

## II.  ANALYSIS

### A. General Principles for Assessing Costs under Rule 54(d) and § 1920

In addressing similar disputes in the past, this Court has stated that:

Rule 54(d) of the Federal Rules of Civil Procedure establishes that the prevailing party shall be allowed to recover its costs unless the court directs otherwise. Costs that may be taxed are specified in 28 U.S.C. § 1920." *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir.2005) (footnotes omitted). Section 1920 provides for the recovery of the following costs: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.28 U.S.C. § 1920.

"The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Keweenaw Bay Indian Community v. Rising*, No. 2:03-CV-111, 2005 WL 3535124 (W.D.Mich. Dec.22, 2005) (internal quotations and citation omitted).

> "The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." BDT Products, 405 F.3d at 419. "In reviewing a request for taxation of costs, a court must look first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Whirlpool Corp. v. LG Electronics, Inc.*, No. 1:04-CV-100, 2007 WL 2462659 (W.D.Mich. Aug.26, 2007) (internal quotations and citation omitted).

*City of Sterling Heights v. United Nat'l Ins. Co.*, 03-72773, 2008 WL 920135 (E.D. Mich. Apr. 3, 2008).

Furthermore, "the costs of taking and transcribing depositions reasonably necessary for the litigation are [ordinarily] allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

### B. The taking of Plaintiff's deposition was reasonably necessary at the time of its taking

Plaintiff argues that the costs sought to be recovered for her deposition are unreasonably high, and additionally, that because only two of the four deposition sessions were actually cited to by Defendants during the course of the litigation, that the two uncited sessions were not necessary. Plaintiff's necessity analysis is incorrect.

Defendants point to a case from the Eastern District of Virginia that makes a salient and relevant point, particularly in light of the fact that it is Plaintiff's own deposition at issue, not merely that of a non-party witness. The court in *Jop v. City of Hampton, Va.*, 163 F.R.D. 486, 488 (E.D. Va. 1995), granted the sought after costs, noting that:

> It is evident that at that stage of a civil case—a full four months before trial—it would be "reasonably necessary" for the defendants to depose the plaintiff in order to prepare for trial. Indeed, not only was it "reasonably necessary," it was probably essential. It would be, at the very least, bordering on legal malpractice not to have done so.

3

And so it is here. The taking of the Plaintiff's deposition in this case was not, in this Court's opinion, optional, and so Defendants can be said to have taken the reasonably necessary step of deposing her. While Plaintiff is correct in stating the depositions taken merely for discovery purposes are not recoverable, this is not such a case. As noted above, it was essential to depose Plaintiff in order for Defendants to prepare for trial.

As to the reasonableness of the amount, given, again, that the deponent was the Plaintiff herself, it would seem that a thorough deposition was called for, and an amount of $2,445.25 for four deposition sessions does not strike the Court as unreasonable on its face.

In light of the above, the Court finds that Defendants' sought after costs were reasonably necessary and should be allowed by the Clerk.

### B. Plaintiff's Motion to Supplement the Record Is Denied

As the Court stated on the record, and for the reasons stated thereon, the Court DENIES Plaintiff's motion to supplement the record under Rule 15(d). Additionally, as rule 15 motions are broadly within the Court's discretion, it was up to Plaintiff to convince the Court why such an addition to the record was necessary, and also to demonstrate that Rule 15(d) even applies in this instance, as that rule is designed to allow additional pleadings that set forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, while the deposition itself happened later, the contents of the deposition describe a "transaction, occurrence, or event" that occurred before the lawsuit was even filed. Seeing as it is not the fact of the deposition that Plaintiff seeks to add, but the facts described in its contents, Rule 15(d) is likely not the appropriate vehicle for this motion.

Furthermore, as Plaintiff's counsel indicated that the goal of his motion was to add to the record for the purposes of his appeal, in the Sixth Circuit, such a motion is better made to the appellate court, seeing as "appellate courts have generally prevented trial courts from developing supplemental findings after the notice of appeal has been filed." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003). In this case, Plaintiff's motion was not filed until after the notice of appeal was filed.

Therefore, Plaintiff's motion to supplement the record is DENIED.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion and orders and allows Defendants to amend their taxed bill of costs to include the hereby approved amounts of:

1- $221.50 for the deposition of Judge Edward Thomas, and;

2- $2,445.25 for the deposition of Plaintiff Julie Machie.

Additionally, the Court DENIES Plaintiff's motion to supplement the record.

SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: September 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2014, by electronic and/or ordinary mail.

                s/Carol J. Bethel
                Case Manager