UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Juliet Machie,

       Plaintiff,

Case No. 12-15299

Honorable Nancy G. Edmunds

v.

Detroit Library Commission et al.,

       Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION SUPPLEMENT THE RECORD [74]

This matter comes before the Court on Plaintiff's motion to supplement the record. On June 13, 2014, this Court granted Defendant's motion for summary judgment and dismissed this action. (Dkt. 57). Plaintiff timely filed a notice of appeal on July 15, 2014. (Dkt. 60). To facilitate appellate review, Plaintiff now requests that this Court supplement the record with a deposition of Plaintiff taken on November 18, 2013. Although an excerpt of this deposition was included as an exhibit to Defendant's motion for summary judgment, (Dkt. 41, Ex. B), due to an "oversight" by Plaintiff's attorney, (Pl.'s Mot. at 1), the entire deposition was not included in the record and not considered by this Court. Plaintiff seeks to supplement the record with the entire deposition.

In support of her request, Plaintiff relies on Federal Rule of Appellate Procedure 10(e)(2):

If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals.

The rule allows a "court to correct omissions from or misstatements in the record for appeal" where the omissions or misstatement will result in a record on appeal that fails to accurately reflect the facts and record considered by the district court. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (quoting *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)). It does not, however, allow a court to "introduce new evidence in the court of appeals." *Inland Bulk*, 332 F.3d at 1012; *see also Banks v. Jackson*, 149 F. App'x 414, 417 n.2 (6th Cir. 2005) ("Rule 10(e) does not permit inclusion of material negligently omitted from the record."). A party cannot supplement the record under Rule 10(e) with material that was never considered by the district court. *Thompson v. Bell*, 373 F.3d 688, 690 (6th Cir.2004), *rev'd on other grds. by Bell v. Thompson*, 545 U.S. 794 (2005).

Here, Plaintiff is asking the Court to supplement the record with a deposition that, aside from a small excerpt, it never previously considered. She is not seeking to "correct some misstatement or omission in the district court's record," *Inland Bulk*, 332 F.3d at 2012, that has resulted in an inaccurate record on appeal. She is instead seeking only to correct her own mistake in failing to include the deposition in the record. Rule 10(e) does not permit this request. *Id.*[1]

Plaintiff's motion to supplement the record is DENIED.

---

[1] The Court notes that the Sixth Circuit has recognized "an inherent equitable power to supplement the record on appeal, where the interests of justice require." *Thompson*, 373 F.3d at 690. This power, however, belongs to the court of appeals, not the district court. *See id.* ("We recognize that a number sister circuits have held that the *courts of appeals* have the inherent equitable power . . .")(emphasis added)). Although it is doubtful that justice requires Plaintiff's entire November 18, 2015 to be included in the record, Plaintiff may wish to present her request to the court of appeals.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 7, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

3